PEOPLE ex rel. TUERS v. DOOLING et al.

(Supreme Court, Appellate Division, Second Department.　November 3, 1910.)

1. ELECTIONS (§ 154*)—MANDAMUS (§ 143*)—CERTIORARI—TIME FOR TAKING PROCEEDINGS.

Mandamus or certiorari authorized by Election Law (Consol. Laws, c. 17) § 70, to review any action or neglect of the officers or members of political convention or committee or board as to the right of any person to participate in a primary, convention, or committee, etc., must be invoked before the certificate of nomination of candidates is filed with the filing officer.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 136; Dec. Dig. § 154;* Mandamus, Cent. Dig. §§ 283–285; Dec. Dig. § 143.*]

2. ELECTIONS (§ 153*)—CERTIFICATES OF NOMINATION—OBJECTIONS.

Where no objection to a certificate of nomination is filed with the board of elections, the only duty of the board is the ministerial one of printing the name of the nominee on the ballot; but where a certificate is invalid or irregular, and written objections are filed, the board must determine the contest, as required by Election Law (Consol. Laws, c. 17) §§ 125, 134.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 135; Dec. Dig. § 153.*]

3. ELECTIONS (§ 154*)—CERTIFICATES OF NOMINATION—OBJECTIONS.

The determination of a board of elections on objections to a certificate of nomination filed with it may be reviewed as authorized by Election Law (Consol. Laws, c. 17) § 125, but only at the instance of the person who filed objections to the certificate.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 136; Dec. Dig. § 154.*]

4. ELECTIONS (§ 154*)—CERTIFICATES OF NOMINATION—OBJECTIONS.

Where a decision of a board of elections overruling objections to a certificate of nomination was made in ample time to permit the submission of a proceeding of review within 15 days before election, the failure to institute such a proceeding, under Election Law (Consol. Laws, c. 17) § 125, at least 15 days before the election, prevented the court from acting on the application for review.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 136; Dec. Dig. § 154.*]

Appeal from Special Term, Kings County.

Application by the People, on the relation of Spencer G. Tuers, against John T. Dooling and others, constituting the Board of Elections of the City of New York, and others, to review the determination of the Board of Elections. From an order denying his application, relator appeals. Affirmed.

The opinion of Justice Stapleton at Special Term is as follows:

The applicant, Spencer G. Tuers, makes an application to this court to summarily review the determination of the board of elections of the city of New York, made on the 21st day of October, 1910, whereby it overruled, by failing to sustain by a majority vote, written objections theretofore filed by said applicant to a certificate of nomination of one Frederick M. Ahern as the candidate of the Independence League party for member of assembly in the Tenth assembly district of Kings county. The conceded facts are as follows:

On the 10th day of October, 1910, at No. 136 Clermont avenue, in the borough of Brooklyn, county of Kings, and city of New York, the time and place designated by the Independence League for the holding of an assembly dis-

trict convention for the nomination of a member of assembly for the Tenth assembly district in Kings county, three delegates out of a total number of six elected to constitute the convention were present. Compliance was made with the statutory formalities for the organization of a convention. A person answering the name of one Thomas Quigley, who was elected as an alternate, participated in the organization of the convention and the nomination of a candidate. The assemblage nominated Frederick M. Ahern, who had previously been nominated by the Republican party. A certificate was signed by the presiding officer and secretary of such assemblage and filed with the board of elections of the city of New York within the time prescribed by law. Written objections to that certificate were filed by the applicant here on the 14th day of October, 1910, a hearing was had, and a determination made on the 21st day of October, 1910, overruling the objections.

The objection was that the nomination was not made by the convention; that the majority of the delegates elected were not present; that the person acting as Thomas Quigley who was elected as an alternate was not the Thomas Quigley who was the only person of that name enrolled in the Independence League party in the Tenth assembly district of Kings county. The facts alleged in the written objections are conceded upon this application. The undisputed facts, in addition to those conceded, are that a person answered to the name of Thomas Quigley upon the roll call, that there was a Thomas Quigley elected as an alternate, but none of the three delegates knew Quigley, and that the three delegates who participated in the proceedings were in fact deceived by the person who answered the name of Quigley.

Although there is no fraud shown upon the part of the three delegates who participated in the proceedings and who caused to be filed this certificate, I should be inclined to hold, were the application timely, proceeding appropriate, and the rights of the Independence League party preservable, that the certificate did not evidence a nomination by a lawfully organized political party convention. The applicant here seeks to combine proceedings authorized under different provisions of the Election Law (Consol. Laws, c. 17) §§ 70, 125 and 134, and claims relief under either or both of these proceedings. The provisions of the election law which the applicant invokes are as follows:

"Sec. 70. Jurisdiction of, and Review by, the Courts. Any action or neglect of the officers or members of a political convention or committee, or of any inspector of primary election, or of any public officer, or board, with regard to the right of any person to participate in a primary election, convention or committee, or to enroll with any party, or with regard to any right given to, or duty prescribed for, any voter, political committee, political convention, officer or board, by this article, shall be reviewable by the appropriate remedy of mandamus or certiorari, as the case may require. In addition thereto, the Supreme Court, or any justice thereof within the judicial district, or any county judge within his county, shall have summary jurisdiction, upon complaint of any citizen, to review such action or neglect. Such a complaint shall be heard upon such notice as the said court or justice or judge thereof shall direct. In reviewing such action or neglect, the court, justice or judge shall consider, but need not be controlled by, any action or determination of the regularly constituted party authorities upon the questions arising in reference thereto, and shall make such decision and order as, under all the facts and circumstances of the case, justice may require. For any other purposes of this section, service of a writ of mandamus, certiorari, order or other process of said court or justice or judge thereof upon the chairman or secretary of such convention, committee or board, shall be sufficient."

"Sec. 125. Conflict in Names or Emblems. If the certificate of nomination of two or more different political parties or independent bodies shall designate the same, or substantially the same, device or emblem or party name, the officer with whom the certificates of nomination are filed shall decide which of said political parties or independent bodies is entitled to the use of such device or emblem or party name, being governed as far as may be in his decision by priority of designation in the case of the device or emblem, and of use in the case of the party name. If the other nominating body shall present no other device or party name after such decision, such officer shall himself select for such other nominating body another device or party name, so that no two

different parties shall be designated by the same device or party name. If there be a division within a party, and two or more factions claim the same, or substantially the same, device or name, the officer aforesaid shall decide between such conflicting claims, giving preference of device and name to the convention or primary, or committee thereof, recognized by the regularly constituted party authorities. Any question arising with reference to any device, or to the political party or other name designated in any certificate of nomination filed pursuant to the provisions of this article, or with reference to the construction, validity or legality of any such certificate, shall be determined in the first instance by the officer with whom such certificate of nomination is filed. Such decision shall be in writing, and a copy thereof shall be sent forthwith by mail by such officer to the committee, if any, named upon the face of such certificate, and also to each candidate nominated by any certificate of nomination affected by such decision. The Supreme Court, or any justice thereof, within the judicial district, or any county judge within his county shall have summary jurisdiction upon complaint of any citizen, to review the determination and acts of such officer, and to make such order in the premises as justice may require, but the final order must be made on or before the last day fixed for filing certificates of nomination to fill vacancies with such officer as provided in section 136 of this article. Such complaint shall be heard upon such notice to such officer as the said court or justice or judge thereof shall direct."

"Sec. 134. Objection to Certificates of Nomination. A written objection to any certificate of nomination may be filed with the officer with whom the original certificate of nomination is filed within three days after the filing of such certificate. If such objection be filed, notice thereof shall be given forthwith by mail to the committee, if any, appointed on the face of such certificate for the purposes specified in section 135 of this article, and also to each candidate placed in nomination by such certificate. The questions raised by such written objection shall be heard and determined as prescribed in section 125 of this article."

Section 70 occurs in article 3 of the law, the application of which article by section 20 thereof is stated to be as follows: "Except as otherwise herein provided, this article shall be controlling: (1) On the methods of enrolling the voters of a party in cities and in villages having five thousand inhabitants or more, according to the last preceding federal or state enumeration; (2) on primary elections in such cities and villages; (3) on party conventions in and for any political subdivision of the state, made up wholly or partly of delegates elected in any such city or village; (4) on the choice, in such cities and villages, of the members of political committees and on the conduct of political committees, in and for any political subdivision of the state, made up wholly or partly of members from any such city or village; provided, that in case territory to which this article is not applicable shall at any time become incorporated with a city or village to which it shall then be applicable, only the provisions of sections 22 to 26, inclusive, of this article shall apply to such new territory prior to the first day of registration thereafter."

Sections 125 and 134 occur in article 5, which treats exclusively of nominations and the making and filing of certificates of nomination. There must have been some purpose in providing for the distinct remedies in the same law, and it is the duty of the court to discover, announce, and effectuate the purpose. The proper and necessary parties to the respective proceedings are different. Matter of Social Democratic Party, 182 N. Y. 442, 75 N. E. 415; Matter of Logan, 116 App. Div. 146, 102 N. Y. Supp. 200. The proceedings authorized by section 70 are designed to vindicate rights which are conferred and enforce the performance of duties which are imposed by the election law in regard to participation in primary elections, political committees, and conventions. Through those proceedings the action or neglect of certain denominated functionaries, assemblages, and organizations is reviewable, to the end that prescribed duties may not be neglected or ignored, and designated rights may not be withheld, invaded, or disregarded.

The applicant maintains that there is in the statute no express limitation of the time within which a proceeding authorized by section 70 of the election law may be commenced, and that his application under that section is timely.

In my judgment the time is clearly limited and the opportunity for its invocation destroyed by the filing of a certificate of nomination. The remedies prescribed in that section must be invoked before the certificate of nomination is filed with the filing officer. The Appellate Division of this Department in the Matter of Cragg, 121 App. Div. 921, 107 N. Y. Supp. 1124, said: "This order strikes from the official ballot the names of certain candidates for office at the ensuing election. The grounds thereof are certain alleged errors and omissions in the party proceedings preliminary to the nomination of these individuals. We think that the Special Term could not make such order, either in the exercise of any inherent power or by virtue of any statutory authority. Section 11 of the primary law (Laws 1898, c. 179), which is cited to us by the respondents, does not authorize such procedure, but is limited to the correction of errors and omissions in the primary proceedings, and does not extend to the correction of the ballots." Section 11 of the primary election law, in force at the time of that decision, and section 70 of the election law, are substantially in the same words.

After a certificate of nomination is filed it is the duty of the board of elections to prepare a ballot containing the names of all the candidates whose nominations for any office have been duly made. Sections 190, 330, 331, Election Law. Where no objection to a certificate of nomination is filed within the time prescribed, the officer or board with whom the certificate is filed is bound to recognize it as valid, and the person named therein as the nominee. He or it has no duty with relation to the certificate, except the ministerial one of printing the name of the nominee therein contained upon the ballot, unless jurisdiction to go behind it is established by the filing of written objections.

If a certificate of nomination be filed, and it is invalid or defective, or the nomination evidenced by it is illegal or irregular, and written objections against it are filed, the board or officer in whose office it is filed is charged with the duty and vested with ample power by the statute to determine the contest thus instituted in the first instance, and to decide all questions of law and fact essential to the determination. Sections 125 and 134, Election Law; Matter of Emmet, 150 N. Y. 538, 540, 44 N. E. 1102. That determination may be reviewed, and such order may be made as justice may require. Section 125, Election Law. It may be reviewed, however, only at the instance of the person who filed the written objections to the certificate of nomination. Matter of Social Democratic Party, 182 N. Y. 442–449, 75 N. E. 415.

The final order in that review proceeding must be made on or before the last day fixed for filing certificates of nomination to fill vacancies, to wit, at least 15 days before election, if the certificate be filed with the board of elections of the city of New York. Sections 125 and 136, Election Law. That time this year expired October 24, 1910; election day occurring November 8, 1910. In the Matter of Hennessy, 164 N. Y. 393, 58 N. E. 446, the court held that when the review proceeding was commenced and submitted to the court for decision within the time fixed by statute for the making of the final order, the court having thus acquired jurisdiction of the parties and subject-matter, the failure of the court to make a timely decision should not operate to deprive the parties, who have no control over its action, of the fruits of their litigation, and to that extent the provision of the statute was directory merely. The principle upon which this case was decided is: "The time fixed in a statute for the performance of intermediate steps, after jurisdiction had been once acquired, should be regarded as directory merely, and an omission to perform one or more of them in time would not render the whole proceeding abortive." Matter of Empire City Bank, 18 N. Y. 199–220.

The Hennessy Case is also an authority for the proposition that a board or officer whose determination is subject to review within a specified time may not reserve decision until the time has elapsed in reliance upon an apparently mandatory provision of a statute, because under such circumstances the provision should be construed as directory. I have been referred to no reported case, and I have been able to find none, where the courts have entertained an application to review a determination of an officer or board under section 125 of the election law seasonably made, unless the proceeding for review was instituted and submitted to the Special Term of the Supreme Court or a justice

of the court for decision on or before the last day for filing nominations to fill vacancies; that is, at least 15 days before election.

In this case the determination was made on the 21st day of October, 1910. The last day under the provisions of sections 125 and 134 of the election law, as construed by the Court of Appeals in the Hennessy Case, supra, where the board of elections has not been itself at fault, would this year be October 24th. This proceeding was not commenced until October 26th, and was not submitted to the court until October 28th. The defendants and respondents directly raise the question of the court's power. They vigorously insist that it has not the power to review these proceedings if the legislative requirement is to be observed. I am constrained, therefore, by the election law, as interpreted by the highest court in the state, to hold that where the decision of the board is made in ample time to permit the institution and submission of the proceeding of review in the first instance within the statutory period the failure to act within that time is fatal to the application.

My conclusions are that section 70 of the election law is not applicable to the state of facts presented in this proceeding, and that the failure of the applicant to institute his proceeding for review under section 125 of the election law on or before a date at least 15 days before election renders the court powerless to act upon his application.

Motion denied.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, BURR, THOMAS, RICH, and CARR, JJ.

George V. S. Williams (James W. Redmond and John D. Mason, of counsel), for appellant.

Harry E. Lewis (Charles H. Kelby, of counsel), for respondents Gardner, Dittmar, and Ahern.

Archibald C. Watson, Corp. Counsel (Charles J. Druhan, of counsel), for respondents Board of Elections of City of New York.

PER CURIAM.   Order affirmed, without costs, on the opinion of Mr. Justice Stapleton at Special Term.

---

NEW YORK STATE NAT. BANK, ALBANY, v. WHITEHALL WATER POWER CO.

(Supreme Court, Appellate Division, Third Department.   November 16, 1910.)

1. TRIAL (§ 388*)—FINDINGS OF FACT—CONCLUSIONS OF LAW.
    Trial courts are required to make findings of fact and conclusions of law which must fairly sustain the judgment.
    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 908, 911; Dec. Dig. § 388.*]

2. APPEAL AND ERROR (§ 987*)—FINDINGS.
    Where there are no findings by the trial court on questions of fact, the appellate court cannot in the first instance determine them.
    [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 987.*]

Appeal from Special Term, Washington County.

Action by the New York State National Bank, Albany, against the Whitehall Water Power Company.   Judgment for plaintiff, and defendant appeals.   Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes